# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JACALYN M. BORN-FISHER,

        Plaintiff,                Case Number: 08-15172

v.                                         SEAN F. COX
                                          UNITED STATES DISTRICT COURT

COMMISSIONER OF SOCIAL SECURITY,

                                         VIRGINIA M. MORGAN
        Defendant.            UNITED STATES MAGISTRATE JUDGE

_____ /

## REPORT AND RECOMMENDATION: (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (2) DENYING PLAINTIFF'S MOTION FOR REMAND PURSUANT SENTENCE FOUR

Plaintiff, Jacalyn M. Born-Fisher, appeals the Social Security Commissioner's unfavorable decision denying her benefits. This case comes before the court on the defendant's motion for summary judgment and plaintiff's motion to remand. For the reasons stated below, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for remand be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

## I. Background

On March 25, 2005, plaintiff filed applications for Social Security for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), claiming disability based on the following conditions: chest pain, asthma, back and neck pain, shortness of breath, and anxiety. (Tr. 41, 85). Plaintiff alleged an onset of disability date of April 1, 1998. (Tr. 41). Plaintiff was 56 years old

1

when she applied for benefits. (Tr. 41). Plaintiff's last insured date was June 30, 2003.

Plaintiff's applications for benefits were initially denied on July 1, 2005. (Tr. 29). Plaintiff filed a timely notice for an administrative hearing. (Tr. 28). On February 15, 2008, Administrative Law Judge Michael A. Ransom held a hearing at which plaintiff was represented by counsel. (Tr. 634). ALJ Ransom ultimately decided that plaintiff was not under a disability within the meaning of the Social Security Act. (Tr. 11).

ALJ Ransom applied the five-step sequential analysis set out in the SSA's regulations to determine whether plaintiff qualified for benefits. 20 C.F.R. § 404.1520(b)-(f). At step one, the ALJ found that plaintiff had not engaged in substantial work activity since her alleged onset date of April 1, 1998, through the date she was last insured, June 30, 2003. (Tr. 13). At step two, ALJ Ransom found that plaintiff has the following severe impairment: low back and neck pain, major depressive disorder, and social anxiety disorder. (Tr. 13). At step three, the ALJ decided that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13). At step four, ALJ Ransom concluded that plaintiff was unable to perform her past relevant work. (Tr. 17). Based on the evidence plaintiff presented, the ALJ concluded at step five that plaintiff has the residual functional capacity to perform light work with no repetitive bending, twisting, turning, pushing or pulling, no air or vibrating tools, limited contact with the public and co-workers, low stress, simple and repetitive job tasks, and no work requiring constant close attention to detail. (Tr. 14).

After receiving the ALJ's unfavorable decision, plaintiff appealed to the Appeals Council but the Appeals Council denied her request for review. (Tr. 3). Subsequently, plaintiff filed the instant complaint for judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

On December 16, 2008, the Honorable Sean F. Cox referred this case to this court for the resolution of all non-dispositive motions and the issuance of a Report and Recommendation. (Doc. No. 2).

## II. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. *Brainard v. Secretary of HHS*, 889 F.2d 679, 681 (6th Cir. 1989); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in *Brainard*, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." "[The] decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key*, 109 F.3d at 273.

## III. Analysis

Plaintiff first argues that the ALJ erred by failing to perform an analysis to decide the weight of Dr. Kondapaneni's medical opinion, when the ALJ did not accord Dr. Kondapaneni's opinion controlling weight. (Pl.'s Br. 4). The Commissioner responds that the ALJ expressly addressed Dr.

3

Kondapaneni's opinion and explained why he did not afford Dr. Kondapaneni's opinion controlling weight. (Def.'s Br. 10).

Under Social Security regulations, when a treating physician, such as Dr. Kondapaneni, submits a medical opinion, the ALJ must either defer to the opinion or provide "good reason" for refusing to defer to the opinion. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). This is the analysis that Plaintiff argues the ALJ did not complete. It is undisputed that Dr. Kondapaneni has treated plaintiff since October 25, 2005. (Tr. 591). It is also undisputed that Dr. Kondapaneni did not treat plaintiff before the expiration of her insured status. In fact, Dr. Kondapaneni did not begin to treat plaintiff until more than two years after plaintiff's last insured date. A treating physician's opinion is "minimally probative" when the physician began treatment after the expiration of the claimant's insured status. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987). In addition, ALJ Ransom adequately explained his reasons for the weight he accorded Dr. Kondapaneni's opinion: "The undersigned notes that the physician stated claimant had been treated since October 25, 2005, which is more than two years subsequent to the date of last insured status. The limitations cited cannot reasonably be considered as present prior to the date of last insured status. The undersigned notes that a GAF of 60 is consistent with only mild symptoms and limitations of functioning." Thus, the ALJ stated "good reasons," which are supported by substantial evidence, to explain the weight he accorded to Dr. Kondapaneni's opinion.

Plaintiff also complains that ALJ Ransom did not consider the last page of the Mental Impairment Questionnaire by Dr. Kondapaneni, in which he comments that plaintiff's mental health issues are long-standing (Pl.'s Br. 4-5). Plaintiff basis her complaint on the fact that the "missing page" is not mentioned by the ALJ and it is out of order in the transcript. (Pl.'s Br. 4-5). Based on

4

the ALJ's "silence" on this document, plaintiff asks this court to remand this case for further proceedings. (Pl.'s Br. 5).

The Commissioner argues that plaintiff's conclusion that the ALJ overlooked a page of Dr. Kondapaneni's questionnaire is unsupported and, in fact, ALJ Ransom observed that the questionnaire was completed on December 12, 2007, and the date completed appears on the missing page. (Def.'s Br. 11).

The court first notes that the ALJ is not required to comment on every piece of evidence in the record. *Walker v. Sec'y of Health and Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1998). That being said, ALJ Ransom discussed the mental impairment questionnaire that was completed by Dr. Kondapaneni. (Tr. 16). The ALJ stated in his opinion that Dr. Kondapaneni filled out the mental impairment questionnaire on December 12, 2007. (Tr. 16). The date of completion appears only on the "missing page." Therefore, plaintiff's argument that the ALJ did not consider this page of the mental impairment questionnaire is without merit. The ALJ clearly considered the page, even though it was out of order in the transcript.

Plaintiff's next argument is that ALJ Ransom erred by not discussing the statement of Reverend Paul Theiss', plaintiff's pastor, regarding her emotional impairments. (Pl.'s Br. 6). The Commissioner responds that Reverend Theiss' letter explained plaintiff's condition in general terms and states that plaintiff has been unable to work since 2003 due to her emotional issues. (Def.'s Br. 11). The Commissioner argues that the letter is inconsistent with contemporaneous medical records and, the ALJ did not err by not discussing the letter because there is no requirement that ALJ address every piece of evidence.

Under 20 C.F.R. § 404.1513(d)(4), the ALJ may consider evidence from non-medical

5

sources, such as clergy, "to show the severity of your impairment(s) and how it affects [the claimants] ability to work." A Social Security Ruling, SR 06-03P, clarifies how the Commissioner is to consider opinions and other evidence from sources who are not "acceptable medical sources." SSR 06-03P, 2006 WL 2329939 (S.S.A. August 9, 2006). The ruling states that information from "other sources" cannot establish the existence of a medically determinable impairment, the information "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id*. at *3. The ruling also instructs:

> [a]lthough there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions for these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03P, 2006 WL 2329939 at *7.

As noted above, the ALJ is not required to discuss every piece of evidence in the record. *Walker*, 884 F.2d at 245. This holds true even if the piece of evidence is a statement from someone who can be considered a "non-medical source" under 20 C.F.R. § 404.1513(d)(4). The regulation does not require non-medical sources to be considered. Further, this court interprets SSR 06-03P as consistent with the regulation, as the ruling states that the ALJ should "generally should explain the weight given to opinions for these 'other sources' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." Although Reverend Theiss' letter may have shed some light on the severity of plaintiff's mental impairments, the generalized nature of the letter, which does not provide specifics regarding Reverend Theiss' counseling of plaintiff, is not sufficiently detailed or persuasive to warrant

6

discussion under SSR 06-03P.  Moreover, as the Commissioner argues, Reverend Theiss' letter and assessment of plaintiff's condition is inconsistent with plaintiff's contemporaneous medical records, which were thoroughly discussed by the ALJ.  Accordingly, the court finds no error in the ALJ's opinion and analysis.

## IV. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for remand be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue

contained within the objections specifically and in the same order raised.

                                              S/Virginia M. Morgan
                                              Virginia M. Morgan
                                              United States Magistrate Judge

Dated: July 26, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on July 26, 2010.

                                              s/Jane Johnson
                                              Case Manager to
                                              Magistrate Judge Virginia M. Morgan